```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FITZGERALD KENNEDY,

        Plaintiff,

  -against-

THE TRUSTEES OF THE TESTAMENTARY TRUST OF THE LAST WILL AND TESTAMENT OF PRESIDENT JOHN F. KENNEDY,

        Defendants.

08-CV-8889 (JHR) (BCM)

**ORDER**

**BARBARA MOSES, United States District Judge.**

    The Court is in receipt of plaintiff's request that the Court provide him with pro bono counsel. (Dkts. 38-41.)[1]

    In civil cases like this one (unlike criminal cases), there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a lawyer, it has no authority to "appoint" counsel, but instead, may only "request," pursuant to 28 U.S.C. § 1915(e)(1), that an attorney volunteer to represent that litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, in order to preserve the

---

[1] Dkt. 38 consists of a form entitled "Application to Proceed in District Court Without Prepaying Fees or Costs," with 74 pages of attachments. Dkt. 39 consists of a 41-page brief entitled "In the Manner of a Pauper (IFP) & Pro Bono Request: Applications," in which plaintiff repeats his claim to be the illegitimate son of President John F. Kennedy and actress Marilyn Monroe. Dkt. 41 appears to be the same filing as Dkt. 39, but printed in black and white ink instead of color. Dkt. 40 appears to contain the same form included in Dkt. 38, and substantially the same attachments as those in Dkt. 38, with the exception of a few missing pages, and printed in black and white ink, instead of color.

"precious commodity" of volunteer-lawyer time for the cases in which representation is most crucial. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In determining whether to grant an application for counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge*, 802 F.2d at 60-61.

The Court has applied these factors and determines that plaintiff's application for the appointment of counsel must be DENIED. This action was dismissed on June 19, 2009. *Kennedy v. Trustees of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 82-83 (S.D.N.Y. 2009), aff'd, 406 F. App'x 507 (2d Cir. 2010). Fourteen years later, on October 9, 2024, plaintiff filed a pro se motion to vacate the judgment of dismissal. (Dkt. 34.) On October 31, 2024, I recommended that plaintiff's motion be denied, concluding that plaintiff's claims have no merit. (Dkt. 37.) On November 18, 2024, plaintiff objected to my recommendation. (Dkt. 42.) Plaintiff's motion remains pending before the district judge. Volunteer attorney time is a precious commodity and, thus, the Court cannot grant requests for pro bono counsel to every litigant in plaintiff's situation. *Cooper*, 877 F.2d at 172.

The Clerk of Court is respectfully directed to close the motions at Dkts. 39 and 41.

Dated: New York, New York
      January 24, 2025      **SO ORDERED.**

                                                          **BARBARA MOSES**
                                                           **United States Magistrate Judge**