USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: September 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FITZGERALD KENNEDY,

Plaintiff,

-v.-

THE TRUSTEES OF THE TESTMENTARY TRUST OF THE LAST WILL AND TESTMENT OF PRESIDENT JOHN F. KENNEDY,

Defendants.

08 Civ. 8889 (JHR) (BCM)

ORDER ADOPTING REPORT AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

Plaintiff, proceeding *pro se*, brought this action against The Trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy. ECF No. 1. Before the Court are two Reports and Recommendations of Magistrate Judge Barbara Moses: the first dated October 31, 2024, ECF No. 37, recommending that Plaintiff's first motion to vacate the judgment of dismissal, ECF No. 34, be denied; and the second dated June 26, 2026, ECF No. 49, recommending that the Court deny Plaintiff's (1) motion to file a further amended complaint, ECF No. 44; (2) second motion to vacate the judgment of dismissal, ECF No. 45; (3) motion for a preliminary injunction, ECF No. 46; and (4) motion for leave to add his son as an additional party, ECF No. 47. Plaintiff filed objections to the October 31, 2024 Report and Recommendation, ECF No. 42, but not to the June 26, 2026 Report and Recommendation. For the reasons set forth below, the Court adopts Judge Moses's recommendations.

## BACKGROUND[1]

Plaintiff filed the first Complaint in this action nearly eighteen years ago, on October 16, 2008. ECF No. 1. After Defendants moved to dismiss, ECF No. 14, Plaintiff filed an amended complaint on June 3, 2009, ECF No. 23. In the amended complaint, Plaintiff alleged that he was a child of President John F. Kennedy and Marilyn Monroe, born out of wedlock, and he claimed that Defendants had breached their fiduciary duties as trustees of the Testamentary Trust of the Last Will and Testament of President John F. Kennedy by not providing him with his inheritance. *Id.* ¶¶ 16-25.

On June 19, 2009, Judge William H. Pauley granted Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 25-26. On October 28, 2010, the Second Circuit affirmed Judge Pauley's decision. *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 406 F. App'x 507, 511 (2d Cir. 2010). The Supreme Court then denied Plaintiff's petition for a writ of certiorari. *Kennedy v. Trs. of Testamentary Tr. of Last Will & Testament of President John F. Kennedy*, 562 U.S. 1294 (2011).

On October 9, 2024, Plaintiff moved for relief from the judgment pursuant to Rules 60(b)(4) and (5). ECF No. 34; *see* Fed. R. Civ. P. 60(b)(4) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [where] the judgment is void."); Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [where] the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."). On October 10, 2024, the case was reassigned to this Court. ECF No. 34.

[1] Familiarity with the facts, which are set forth in detail in the Reports and Recommendations, is assumed. *See* ECF Nos. 37, 49.

In his motion for relief from the judgment, Plaintiff argued that "[Rule 60(b)(4)] focus[es] solely on the legitimacy of the Judgment's foundation rather than on the merits of the underlying case," and he contended that the Supreme Court's decision in "*Trump v. United States*[, 603 U.S. 593 (2024), rendered] the [j]udgment [] not legally and procedurally valid." ECF No. 34 at 8. Specifically, Plaintiff maintained that, in the wake of that decision, this Court has "no authority, statutory, jurisdictional, or constitutional power to restrict the inheritance of President John F. Kennedy in any way." *Id.* at 4, 7-8. Plaintiff also argued for vacatur of the judgment under Rule 60(b)(5), emphasizing that "the Supreme Court's decision in [*Trump v. United States*] and the now available D.N.A. of President John F. Kennedy and Marilyn Monroe, [rendered] the Court's Order [ ] impractical and unfair due to significant changes in conditions and law." *Id.* at 5-7.

Judge Moses was designated, and the case was referred to her for general pretrial management and reports and recommendations on dispositive motions on October 29, 2024. ECF No. 36. On October 31, 2024, Judge Moses issued her first Report and Recommendation (the "October 31 Report and Recommendation"), in which she recommended denying Plaintiff's Rule 60(b) motion "[b]ecause plaintiff is not entitled to relief under any subsection of Rule 60(b)." ECF No. 37 at 1-6.

On November 14, 2024, Plaintiff filed objections to the October 31 Report and Recommendation. ECF No. 42. On September 2, 2025, Plaintiff filed four additional motions: (1) a motion to further amend his complaint, ECF No. 44; (2) a second motion to vacate the judgment, ECF No. 45, this time only under Rule 60(b)(5); (3) a motion for a preliminary injunction, ECF No. 46; and (4) a motion to add his son as a party, ECF No. 47.

On June 26, 2026, Judge Moses issued a second Report and Recommendation (the "June 26 Report and Recommendation"), ECF No. 49, recommending that "plaintiff's second motion

to vacate the 2009 judgment in this action (Dkt. 45), as well as his motions to further amend his complaint (Dkt. 44), to add a new party (Dkt. 47), and for a preliminary injunction (Dkt. 46), be DENIED," *id.* at 5-6. The June 26 Report and Recommendation also warned that "'the continued filing of frivolous and duplicative motions,' including repetitive motions to vacate the 2009 judgment, may result in sanctions, including 'a bar on additional filings in this case.'" *Id.* at 6 (quoting *Sankara v. Martuscellor*, No. 18 Civ. 6308 (PAE), 2025 WL 3012819, at *1 (S.D.N.Y. Oct. 27, 2025)). It further notified Plaintiff that he had "14 days . . . to file written objections." *Id*. at 6. Finally, the June 26 Report and Recommendation cautioned that "failure to file timely objections w[ould] result in a waiver of such objections . . . ." *Id*. No objections to the June 26 Report and Recommendation have been filed, nor has any extension of time to file objections been requested.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). But "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (same), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20,

2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

When making objections, "[*p*]*ro se* parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Mktg., Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

In the October 31 Report and Recommendation, Judge Moses explained that "[Federal Rule of Civil Procedure 60(b)(4)] permits a district court to vacate a judgment if 'the judgment is void[,]' [which] applies 'only in two situations: where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" ECF No. 37 at 4 (quoting, respectively, Fed. R. Civ. P. 60(b)(4) and *Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021) (citation modified)). Judge Moses concluded that "[P]laintiff is not entitled to relief under Rule 60(b)(4)" because Plaintiff

did "not argue that this Court lacked subject-matter jurisdiction . . . [n]or . . . could he argue that personal jurisdiction was lacking, since he is the plaintiff." *Id.* at 4-5. Judge Moses also found that "[P]laintiff does not and could not contend that he had no notice of defendants' motion to dismiss . . . or otherwise lacked the opportunity to be heard." *Id.* (citing ECF Nos. 18-19). Finally, Judge Moses rejected Plaintiff's reliance on *Trump v. United States*: "[P]laintiff is mistaken as to the import of *Trump*, which arose out of the criminal prosecution of a former president for acts that he committed while in office . . . . Nothing in *Trump* suggests that personal estate planning documents executed by a future U.S. President . . . constitute 'official acts,' much less an exercise of the future president's future 'core constitutional powers.' Moreover, . . . nothing in *Trump* suggests that a federal district court would be obligated, in a civil action, to interpret [President Kennedy's Last Will and Testament] so as to include illegitimate children as trust beneficiaries despite the absence of . . . [anything] indicating that this was the testator's intent." *Id.*

As for Rule 60(b)(5), Judge Moses stated that it "permits a district court to 'relieve a party . . . from a final judgment, order, or proceeding' where 'the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.'" *Id.* at 5 (quoting Fed. R. Civ. P. 60(b)(5)). Judge Moses concluded that "[r]elief under Rule 60(b)(5) is [] unavailable to [P]laintiff" because "the third [and only possibly applicable] prong of Rule 60(b)(5) 'covers only final judgments that apply prospectively' such as injunctions and consent decrees," neither of which has been entered in this case, making such relief "unavailable to plaintiff" here. *Id.* at 5-6 (quoting *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (citation modified)).

As previously noted, Plaintiff filed objections to Judge Moses's October 31 Report and Recommendation. *See* ECF No. 42. In those objections, consisting of eighty-eight pages,

Plaintiff raised arguments regarding "[*Trump v. United States*'s discussion of] the Presidential powers," *id.* at 2-5, including that "[even] question[ing]" "the President's motives" "would cripple the Executive Branch's ability to function"; "protecting the President and protecting his children is a core official act of any president in office until they leave, i.e., President John F Kennedy"; and "[s]ince [*Trump v. United States*] is a retroactive decision by the Supreme Court, . . . [P]laintiff[] only need[s] to [show his] D.N.A. to lock in that President's protection by [his] core official act." *Id.* Plaintiff also pointed to his purported access to "D.N.A" that would advance his claims. *Id.* at 7. Finally, Plaintiff contended that the "'Standard of Review' section of the typical summary judgment brief . . . requires a motion judge to engage in an analytical process similar to that necessary to rule on a motion for a directed verdict," and he requested "[a] directed verdict, because of President John F[.] Kennedy's core and non-core official acts." *Id.* at 9-13.

"Even giving [Plaintiff] the benefit of liberal construction, his objections to the R&R are at turns vague, conclusory, and largely incomprehensible. None of the arguments contained in [Plaintiff's] objections provide[] the specificity needed for the Court to properly analyze his arguments . . . ." *Keaton v. United States*, No. 16 Civ. 2313 (VEC), 2018 WL 10758583, at *2 (S.D.N.Y. Mar. 23, 2018); *Walden v. Walcott*, No. 19 Civ. 11409 (GBD), 2025 WL 2145652, at *3 (S.D.N.Y. June 29, 2025) (adopting Report and Recommendation where plaintiff "provide[d] no factual or legal bases for his objections," rendering the objections "entirely conclusory and general" and merely "reiterat[ing] a few of his original broad arguments"); *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019) (drawing similar conclusion).

"Nonetheless, as best the Court can tell, the objections reiterate arguments properly rejected by the magistrate judge . . . ." *Keaton*, 2018 WL 10758583, at *2; *Wallace*, 2014 WL 2854631, at *1; *compare* ECF No. 34 at 2-7 (Plaintiff's motion) (raising arguments regarding

(1) *Trump v. United States*, 603 U.S. 593, which, according to Plaintiff, "reverse[d] or vacate[d] the earlier [j]udgment" and (2) "the now available D.N.A. of President John F Kennedy" that rendered the prior judgment "impractical and unfair"), *with* ECF No. 42 at 2-6 (Plaintiff's objections) (raising same arguments regarding (1) *Trump v. United States*, which, Plaintiff claims, discussed a court's inability to "look into the President's motives to determine whether [an] Act was official or not," and (2) the availability of DNA testing and "the standards for how to prove D.N.A"). The objections also "raise [] new argument[s] that" Plaintiff did not advance in his motion. *Keaton*, 2018 WL 10758583, at *2; *see, e.g.*, ECF No. 42 at 9-12 (asserting new argument in objections regarding the standard of review applied on summary judgment). Crucially, however, Plaintiff does not explain why Judge Moses's conclusions under Rules 60(b)(4) and (b)(5) were erroneous, nor are his objections "specific and clearly aimed at particular findings" in Judge Moses's Report and Recommendation. *Bailey*, 2014 WL 2855041, at *1; *Kumar v. United States*, No. 22 Civ. 5533 (JGLC), 2025 WL 1194376, at *2 (S.D.N.Y. Apr. 22, 2025) (rejecting objections to Report and Recommendation where Petitioner's objections "did nothing more than state that the R&R was wrong"); *Nazon*, 2023 WL 1518905, at *2 (same). Accordingly, the October 31 Report and Recommendation, ECF No. 37, is adopted in its entirety.

With respect to the June 26 Report and Recommendation, notwithstanding a direct warning that a failure to file objections would "result in a waiver of objections," ECF No. 49 at 6, Plaintiff did not file any objections. Thus, the clear-error standard is appropriate. Having carefully reviewed the Report and Recommendation, the Court finds no such error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025). Accordingly, the June 26 Report and Recommendation, ECF No. 49, is adopted in its entirety.

For the foregoing reasons, the Court adopts (1) Judge Moses's recommendation in the October 31 Report and Recommendation that Plaintiff's "[first] motion to vacate the 2009 judgment in this action[, ECF No. 34] be DENIED," ECF No. 37 at 6, and (2) Judge Moses's recommendation in the June 26 Report and Recommendation that Plaintiff's "second motion to vacate the 2009 judgment in this action[, ECF No. 45], as well as his motions to further amend his complaint[, ECF No. 44], to add a new party[, ECF No. 47], and for a preliminary injunction[, ECF No. 46], be DENIED," ECF No. 49 at 5.

The Clerk of Court is directed to terminate ECF Nos. 34, 44, 45, 46, and 47.

SO ORDERED.

Dated: September 30, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge