UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN FITZGERALD KENNEDY,

Plaintiff,

-against-

THE TRUSTEES OF THE TESTAMENTARY TRUST OF THE LAST WILL AND TESTAMENT OF PRESIDENT JOHN F. KENNEDY,

Defendants.

08-CV-8889 (JHR) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 10/7/26

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff filed this action on October 16, 2008, claiming to be the illegitimate child of President John F. Kennedy and actress Marilyn Monroe and seeking an order compelling the trustees of a trust created under President Kennedy's will to investigate his claim of kinship and, upon proof of such claim, provide him with his inheritance. On June 19, 2009, a judge of this Court dismissed all of plaintiff's claims and closed the case. *See* Dkt. 25. That was seventeen years ago. On October 28, 2010, the United States Court of Appeals for the Second Circuit affirmed the dismissal of all of plaintiff's claims, and on March 21, 2011, the United States Supreme Court denied *certiorari*. *See Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 406 F. App'x 507, 511 (2d Cir. 2010) (summary order), *cert. denied*, 562 U.S. 1294 (2011). That was fifteen years ago.

In 2024, and again in 2025, plaintiff filed motions to vacate the judgment of dismissal and reopen the case under various subsections of Rule 60(b) of the Federal Rules of Civil Procedure. *See* Dkts. 34, 44. He also filed motions for the appointment of pro bono counsel to represent him (Dkt. 39), to amend his complaint (Dkt. 44), to add a new party (Dkt. 47), and for a preliminary injunction (Dkt. 46). All of these motions have been denied. *See* Dkt. 37 (recommending denial of first Rule 60(b) motion to reopen the case); Dkt. 43 (denying motion for appointment of pro bono

counsel); Dkt. 49 (recommending denial of second Rule 60(b) motion to reopen the case, motion to amend the complaint, motion to add a new party, and motion for preliminary injunction); Dkt. 54 (denying both Rule 60(b) motions to reopen the case, the motion to amend the complaint, the motion to add a new party, and the motion for preliminary injunction). Moreover, this Court's Report and Recommendation dated June 26, 2026, specifically warned plaintiff that "'the continued filing of frivolous and duplicative motions,' including repetitive motions to vacate the 2009 judgment, may result in sanctions[.]" Dkt. 49 at 5-6 (quoting *Sankara v. Martuscellor*, 2025 WL 3012819, at *1 (S.D.N.Y. Oct. 27, 2025)).

Nonetheless, on September 16, 2026, plaintiff filed three new motions in this long-closed case: a 78-page "Motion to Compel the Transfer of President John F. Kennedy's Funds to his Son and Grandson for the Following Reasons" (Dkt. 50); a one-page "Motion for Retaliation," alleging misconduct by non-party Memorial Sloan Kettering Cancer Center (MSKCC), where plaintiff's late wife was treated (Dkt. 51); and another one-page "Motion for Retaliation," alleging misconduct by non-party the City of New York (Dkt. 52). Plaintiff now claims, among other things, that MSKCC sexually abused his late wife when she was a patient there in the summer of 2026 and that MSKCC and/or the City of New York took her body and refused to return it, as "retaliation for our prior filings and lawsuits." Dkt. 50 at ECF p. 2. Plaintiff also appears to allege that MSKCC has refused to provide plaintiff himself with cancer treatment, "to prevent him from recovering funds that he lawfully owns." *Id*. at ECF p. 3.

Plaintiff's motions are DENIED. This case has been closed for seventeen years, and plaintiff has twice failed to reopen it. Consequently, the Court could not grant plaintiff's recently-filed motions even if they were meritorious. *See Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311 (2025) (district court could not consider issuing an order vacating arbitration award without first granting Rule 60(b) motion to reopen the case); *Reeves v. New York City Hous. Auth.*,

2026 WL 73946, at *4 (E.D.N.Y. Jan. 9, 2026) (denying plaintiff's Rule 60(b) motions to reopen the case, as well as his remaining motions, explaining that "[s]ince the case is closed, the Court may not consider Plaintiff's requests for emergency relief"). Second, neither MSKCC nor the City of New York was ever a party to this action. Consequently, even if the case were reopened against the original defendants – the trustees of President Kennedy's testamentary trust – the Court could not "investigate the alleged misconduct" by MSKCC and/or the City of New York, as plaintiff requests (*see* Dkt. 50 at ECF p. 2), much less order an autopsy of plaintiff's late wife (*see id*. at ECF p. 3) or related relief.

The Court expresses its condolences to plaintiff regarding the death of his wife. However, plaintiff cannot use the this long-closed case as a vehicle for making new claims related to her death, much less new claims against entities that that were never parties in this action. If plaintiff believes he has cognizable claims against MSKCC or the City of New York arising from the events of 2026 – including his late wife's medical treatment, her death, and/or his own medical treatment – he must initiate a new action, against the appropriate defendants, in an appropriate forum. Plaintiff is strongly advised to consult legal counsel before doing so.

The Clerk of Court is respectfully directed to close the motions at Dkts. 50, 51, and 52 and mail a copy of this order to the pro se plaintiff at his address of record, which is now: 113-02 Atlantic Ave., Apt. 310, South Richmond Hill, NY 11419.

Dated: New York, New York
October 7, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**